B6I (Official Form 6I) (12/07)

In re **Susan Ann Gardner** Case No. **09-34863**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE ||
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Legal Secretary** | **sales** |
| Name of Employer | **McCandlish Holton** | **Hydromax** |
| How long employed | **10 months** | **newly employed (7/12/09)** |
| Address of Employer | **1111 East Main Street Suite 1500 Richmond, VA 23219** | **9517 Amerdale Dr. Richmond, VA 23236** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 3,751.76 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 3,751.76 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 851.62 | $ 0.00 |
|    b. Insurance | $ 118.66 | $ 0.00 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify): **401K** | $ 200.00 | $ 0.00 |
|    **Acct Rec** | $ 15.48 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,185.76 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,566.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): **1/12 Refund from Fed. taxes** | $ 68.83 | $ 0.00 |
| **Anticipated monthly income for new job for non-filing spouse** | $ 0.00 | $ 1,200.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 68.83 | $ 1,200.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,634.83 | $ 1,200.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 3,834.83 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Non-filing spouse just began a job (trained week beginning 7/12/09). They anticipate his earnings to be approximately $1200 per month gross. This anticipated income is reflected as such and the approximately 20% monthly deduction of $240 from his paychecks is listed under monthly expenses as anticipated.**

B6J (Official Form 6J) (12/07)

In re **Susan Ann Gardner**          Case No. **09-34863**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,250.00 |
|    a. Are real estate taxes included?    Yes ___    No **X** | |
|    b. Is property insurance included?    Yes ___    No **X** | |
| 2. Utilities:    a. Electricity and heating fuel | $ 270.00 |
|                b. Water and sewer | $ 42.00 |
|                c. Telephone | $ 122.00 |
|                d. Other **See Detailed Expense Attachment** | $ 137.92 |
| 3. Home maintenance (repairs and upkeep) | $ 15.00 |
| 4. Food | $ 400.00 |
| 5. Clothing | $ 40.00 |
| 6. Laundry and dry cleaning | $ 20.00 |
| 7. Medical and dental expenses | $ 50.00 |
| 8. Transportation (not including car payments) | $ 280.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 2.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|          a. Homeowner's or renter's | $ 15.00 |
|          b. Life | $ 0.00 |
|          c. Health | $ 0.00 |
|          d. Auto | $ 65.00 |
|          e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|      (Specify) **Personal Property** | $ 15.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|          a. Auto | $ 259.00 |
|          b. Other **Trailblazer payment** | $ 241.00 |
|          c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 310.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 3,583.92 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ 3,834.83 |
| b.   Average monthly expenses from Line 18 above | $ 3,583.92 |
| c.   Monthly net income (a. minus b.) | $ 250.91 |

**B6J (Official Form 6J) (12/07)**

In re **Susan Ann Gardner**        Case No. **09-34863**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| **Trash Pick-up** | $ **23.00** |
| **Sprint Cell phones** | $ **114.92** |
| **Total Other Utility Expenditures** | $ **137.92** |

**Other Expenditures:**

| | |
|---|---:|
| **Anticipated 20% deductions from non-filing spouse's new job** | $ **240.00** |
| **Personal hygene** | $ **20.00** |
| **Emergency funds** | $ **50.00** |
| **Total Other Expenditures** | $ **310.00** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN - AMENDED**
**AND RELATED MOTIONS**

Name of Debtor(s):   **Susan Ann Gardner**                              Case No:   **09-34863**

This plan, dated __**August 18, 2009**__, is:

    ☐   the *first* Chapter 13 plan filed in this case.
    ■   a modified plan, which replaces the plan dated __**7/29/2009**__.

    Date and Time of <u>Modified Plan</u> Confirming Hearing:
    **10/30/2009 @ 11:00 a.m.**
    Place of <u>Modified Plan</u> Confirmation Hearing:
    **701 East Broad Street  Crtrm 5100  Richmond, VA 23219**

    The plan provisions modified by this filing are:
    **Plan payments increased to afford payment to pre-petition creditors added after filing**

    Creditors affected by this modification are:
    **ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$27,527.68**
    Total Non-Priority Unsecured Debt: **$169,773.03**
    Total Priority Debt: **$150.35**
    Total Secured Debt: **$23,213.00**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                          Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$200.00 Monthly for 1 months, then $250.00 Monthly for 54 months**. Other payments to the Trustee are as follows:   __NONE__  . The total amount to be paid into the plan is $__13,700.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__2,714.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **County of Henrico, Virginia** | **Taxes and certain other debts** | 150.35 | Prorata 2 months |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt& Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

    B. **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt& Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    **C.**    **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| -NONE- | | | |

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __4__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __0__ %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**    **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    **A.**    **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| First Citizens Bank & Trust | 2008 4D Chevy Cobalt LT w/22,732 mi | 241.00 | 1,036.00 | 7.9% | 11 months | Prorata |
| First Citizens Bank & Trust | 2004 4D Chevy Trailblazer LS/LT w/65,760 mi | 259.00 | 1,000.00 | 7.9% | 11 months | Prorata |

    **B.**    **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6.**    **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

  B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.** **Motions to Avoid Liens.**

  A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

  B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.** **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037  Best Case Bankruptcy

11. **Other provisions of this plan:**
    **11.A Adequate Protection Payment to specified secured creditors until plan confirmation: None.**

    **11.B List of Creditors to be Paid:** Debtor understands that the trustee will send a confirmation letter listing claims that will be paid. Debtor will CAREFULLY review the list. Any debts that MUST BE PAID must be listed. If NOT listed, the debt will NOT be paid and the debt may remain after discharge. The debtor will, on receipt of the trustee list of "CLAIMS BEING PAID," contact ONLY Oulton at (804) 334-6265 if any "MUST BE PAID" claim is omitted.

    **11.C Debtor Education Certificate:** Debtor agrees to obtain a "DEBTOR EDUCATION CERTIFICATE" and provide a copy to Oulton within 20 days from signing of this plan. Debtor understands the requirement to obtain a "DEBTOR EDUCATION CERTIFICATE" and has been provided with the information needed to obtain it.

    **11.D Later Conversion to Chapter 7:** the client elects Chapter 13 while understanding the alternative of Chapter 7. Should the client later seek to convert to Chapter 7, it is agreed that the client must qualify and the conversion representation will be a new matter not anticipated when the $3,000.00 Chapter 13 fee was explained and agreed to. The agreed pre-paid fee to convert to Chapter 7 $1,500.00 which has been agreed must be paid prior to a Motion to Convert being filed.

    **11.E Debtor understands responsibility to make all payments:** If "voluntary payment": Debtor will make all payments to the Tennessee address. If "wage assignment payments": Debtor will make TWO monthly payments directly to the case trustee. If a proper Wage Assignment is not operative with deductions occurring, the debtor will continue to make direct trustee payments.

    **11.F All previous discussion and agreements are superseded.** Agreements and discussions between the client and the attorney are by agreement merged into and superseded by the case schedules, statements, plan and related case filings.

**Signatures:**

Dated:   **August 18, 2009**

**/s/ Susan Ann Gardner**                                       **/s/ RICHARD J. OULTON, ESQUIRE**
**Susan Ann Gardner**                                              **RICHARD J. OULTON, ESQUIRE 29640**
**Debtor**                                                                     **Debtor's Attorney**


**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
                      **Matrix of Parties Served with plan**

Certificate of Service

I certify that on   **August 18, 2009**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached

Page 5

Service List.

**/s/ RICHARD J. OULTON, ESQUIRE**
**RICHARD J. OULTON, ESQUIRE 29640**
Signature

**P. O. BOX 5158**
**GLEN ALLEN, VA 23058**
Address

**804-747-7707**
Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

```
American General Finan
9022 W Broad St
Richmond, VA 23294


Bb&T
Po Box 2306
Wilson, NC 27894


Bb&T
Po Box 1847
Wilson, NC 27894


Bellwood
7101 Jefferson Davis Hwy
Richmond, VA 23237


Bellwood Fcu
7101 Jeff Davis
Richmond, VA 23237


Bellwood Fcu
7101 Jefferson Dav
Richmond, VA 23237


Bellwood Federal Cr Un
7101 Jefferson Highway
Richmond, VA 23234


Belwood Cu
P.O. Box 34628
Richmond, VA 23234-0628


Cbusasears
133200 Smith Rd
Cleveland, OH 44130


Comcast
6510 Iron Bridge Rd
Richmond, VA 23234


County of Henrico, Virginia
Dept. of Finance
PO Box 990775
Richmond, VA 23273-0775
```

```
First Citizens Bank & Trust
100 E Tryon Rd
Raleigh, NC 27603


Gemb/Care Credit
Po Box 981439
El Paso, TX 79998


Gemb/Sams Club
Po Box 981400
El Paso, TX 79998


John J Andre, DDS
10863 W. Broad St.
Glen Allen, VA 23060


Joseph and Norine Champi
821 Pelican Bay Dr.
Pineville, NC 28134


Kohls/Chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051


Lowes
GE Money Bank, Attn. Bankruptc
PO Box 103104
Roswell, GA 30076


NTELOS
PO Box 580423
Charlotte, NC 28258-0423


Sprint Cell Phone
PO Box 105243
Atlanta, GA 30348


Truman Refuse Service
PO Box 70882
Richmond, VA 23255


Virginia Physicians for Women
PO Box 6829
Richmond, VA 23230-0829
```

```
Wffnatlbnk
Po Box 94498
Las Vegas, NV 89193
```